IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2016

## STATE OF TENNESSEE v. JOHN ARMSTRONG

**Appeal from the Criminal Court for Shelby County**
**No. 13-01034        Carolyn W. Blackett, Judge**
_____

**No. W2016-00082-CCA-R3-CD  -  Filed September 20, 2016**
_____

The petitioner, John Armstrong, appeals the denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. He contends that his effective eighteen-year sentence for attempted first degree murder and unlawful possession of a firearm during the commission of a dangerous felony is illegal because the use or employment of a firearm was an essential element of his conviction for attempted first degree murder. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

John Armstrong, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Anita Spinetta, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

On December 19, 2013, the petitioner pled guilty to one count of attempted first degree murder, a Class A felony, and one count of unlawful possession of a firearm during the commission of a dangerous felony, a Class D felony. He received a fifteen-year sentence for the attempted murder conviction and a three-year sentence for the unlawful possession of a firearm conviction. The sentences were aligned consecutively.

Pursuant to Tennessee Rule of Criminal Procedure 36.1, the petitioner later filed a motion to correct an illegal sentence. He argued that unlawful possession of a firearm was an essential element of the underlying felony of attempted first degree murder. As a result, he claimed that he could not and should not have been charged with unlawful possession of a firearm during the commission of a dangerous felony and that his sentences contravened Tennessee Code Annotated section 39-17-1324(c). The State filed a response arguing that Tennessee Code Annotated section 39-17-1324 specifically included attempted first degree murder as an enumerated dangerous felony. The State also argued that use or possession of a firearm was not an essential element of attempted first degree murder. The trial court found that the petitioner had not stated a colorable claim for relief and dismissed the petition without appointing counsel or holding a hearing. The petitioner filed a timely notice of appeal, and we proceed to consider his claims.

## ANALYSIS

The petitioner argues that the use of a firearm was an essential element of the underlying dangerous felony of attempted first degree murder, rendering his sentence illegal. The State responds that the petitioner attacks his convictions, rather than his sentence, and that such a challenge is not proper under Rule 36.1. In the alternative, the State argues that the petitioner's sentence is not illegal because the use or possession of a firearm is not an essential element of attempted first degree murder.

Tennessee Rule of Criminal Procedure 36.1 provides that the petitioner "may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). A sentence is illegal if it is not authorized by the applicable statutes or directly contravenes an applicable statute. *Id.* If the motion states a colorable claim, the trial court shall appoint counsel if the petitioner is indigent and not already represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b). A "'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

As the State points out, the petitioner's challenge to his sentence is, in essence, a challenge to his conviction for unlawful possession of a firearm during the commission of a dangerous felony. The petitioner relies on Tennessee Code Annotated section 39-17-1324(c), which states that "a person may not be charged with a violation of subsection (a) or (b) if possessing or employing a firearm is an essential element of the underlying felony as charged." Because the petitioner contends that possessing a firearm was an

2

essential element of his attempted first degree murder conviction, he is essentially arguing that he could not have been charged with or convicted of possession of a firearm. However, Rule 36.1 is intended "to provide an avenue for correcting allegedly illegal *sentences*. The Rule does *not* provide an avenue for seeking the reversal of *convictions*." *State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014) (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 455-56 (Tenn. 2011)), *perm. app. denied* (Tenn. Nov. 19, 2014). Accordingly, the petitioner has not stated a colorable claim for relief under Rule 36.1.

Additionally, the petitioner cannot establish that his conviction is illegal. Possession of a firearm is not an essential element of attempted first degree murder, as attempted first degree murder may be committed without the possession of a firearm. *See* T.C.A. § 39-13-202(a)(1) (defining first degree murder as "[a] premeditated and intentional killing of another"). The fact that a firearm was used to commit attempted first degree murder does not then render possession of a firearm as an essential element of the offense. The legislature identified attempted first degree murder as a dangerous felony for which a petitioner could be prosecuted for possessing a firearm, indicating that the legislature intended for dual convictions and multiple punishments for these crimes. *See* T.C.A. § 39-17-1324(i)(1)(A); *State v. Jeremiah Dawson*, No. W2010-02621-CCA-R3-CD, 2012 WL 1572214, at *7 (Tenn. Crim. App. May 2, 2012) (stating that "the legislature obviously intended for dual convictions and multiple punishment" for carjacking and use of a firearm by listing carjacking as a predicate felony). We conclude that the petitioner is not entitled to any relief.

_____
JOHN EVERETT WILLIAMS, JUDGE

3